**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

———————————————————————— :
                                        :
BRAD WHITING,                           :
                                        :
            Plaintiff,                  :     CIVIL ACTION NO. 08-435 (JLL)
                                        :
            v.                          :     **OPINION**
                                        :
UNITED STATES ARMY,                     :
                                        :
            Defendant.                  :
———————————————————————— :

**LINARES**, District Judge.

This matter is before the Court by way of Defendant United States Army's ("Defendant" or "Army") motion to dismiss Plaintiff Brad Whiting's ("Plaintiff or "Whiting") complaint (the "Complaint") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, the Court grants Defendant's motion.

**I.    Factual and Procedural History**[1]

In his capacity as a civilian police officer employed by the Army, Plaintiff Brad Whiting, a New Jersey resident, was operating a vehicle on July 5, 2005, that sustained property damage. (Compl. ¶¶ 1-2.) Allegedly, the Army's investigation of the damaged vehicle wrongly placed blame and imposed penalty on Plaintiff for the damage to the vehicle. (Id. at ¶ 3.) The

_____

[1] The Court construes Defendant's motion as a "factual attack" on Plaintiff's complaint, see Part II, infra, and thus, does not accord Plaintiff's allegations a presumption of truthfulness. See Kligman v. I.R.S., 272 Fed. Appx. 166, 168 (3d Cir. 2008) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

investigation concluded with a recommended fourteen-day suspension without pay for Plaintiff. (Id. at ¶ 4.)  Plaintiff appealed the determination and the Army held a hearing on the same on February 15, 2006.  (Id. at ¶ 5.)  Plaintiff asserts that he was not aware of the damage and testified to the same at the hearing.  (Id. at ¶¶ 3, 6.)  In spite of this testimony, the Army upheld the investigation results and sustained the proposed unpaid suspension.  (Id. at ¶ 7.)  Plaintiff subsequently attempted to have the dispute arbitrated pursuant to the collective bargaining agreement between Federal Order of Police 168 and the Army (the "CBA").  (Id. at ¶ 8.)  Under the CBA, the parties were required to participate jointly in selecting an arbitrator to hear the dispute.  (See id. at ¶ 9.)  On October 11, 2006, the Federal Mediation and Conciliation Service informed Plaintiff that the arbitrator selection process was on hold due to Defendant's refusal to participate in the same.  (Id. at ¶ 10.)  According to Plaintiff, Defendant's refusal violates the terms of the CBA.  (Id.)

On this basis, Plaintiff filed the Complaint on December 11, 2007, in the Superior Court, Law Division, Middlesex County, against the Army, alleging breach of contract under the CBA (Count I) and breach of the duty of good faith and fair dealing (Count II).  Defendant removed the case to this Court on January 18, 2008 and filed the instant motion to dismiss thereafter.[2] Plaintiff opposes the motion only with his own declaration and a declaration of his counsel, attaching relevant portions of the CBA and other documents pertaining to the dispute.

---

[2]  Defendant removed the action under 28 U.S.C. § 1441(b), stating that the action is governed by federal law, not state law as Plaintiff claims.  (Notice of Removal, ¶¶ 4-5.)  Plaintiff concedes that the case "may be pre-empted [sic] by Federal law, [but that] State law also applies."  (Compl. ¶ 11.)

II.    <u>**Standard of Review**</u>

Federal courts are courts of limited jurisdiction and thus, are permitted to adjudicate cases and controversies only as allowed under Article III of the United States Constitution.  Art. III, § 2.  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A motion to dismiss on this ground may be one of two types: a "facial attack" on the sufficiency of the allegations in the complaint as to subject matter jurisdiction or a "factual challenge" regarding the actual facts upon which the plaintiff predicates jurisdiction.  <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 177 (3d Cir. 2000); <u>see</u> <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977).  On the former, a court must take the allegations in plaintiff's complaint as true whereas on the latter, no presumption of truthfulness attaches and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  <u>Mortensen</u>, 549 F.2d at 891.  The burden of establishing federal jurisdiction lies with the party invoking the same.  <u>See, e.g.</u>, <u>Klingman v. I.R.S.</u>, 272 Fed. Appx. 166, 168 (3d Cir. 2008); <u>see</u> <u>also</u> <u>Arias v. United States</u>, No. 05-4275, 2007 WL 608375, at *2 (D.N.J. Feb. 23, 2007) (Linares, J.).

As the Court considers the instant motion a factual attack, the Court may review documents and evidence outside the pleadings and, as asserted above, does not presume Plaintiff's allegations are true.  <u>See, e.g.</u>,  <u>Kligman</u>, 272 Fed. Appx. at 168 (concluding that the district court properly construed defendant's motion to dismiss as a "factual attack" based on plaintiff's appeal of the Merit Systems Protection Board, an entity created by the Civil Service Reform Act); <u>Orelski v. Pearson</u>, 337 F. Supp. 2d 695, 698 (W.D. Pa. 2004) (finding defendant's 12(b)(1) motion a "factual attack" on the grounds that the ATSA preempted the plaintiff's state

law claims); see also Gould, 220 F.3d at 177.  With this framework in mind, the Court now turns

to Defendant's motion.

**III.    Discussion**

      **A.    Removal**

      Defendant argues that this Court lacks subject matter jurisdiction because Plaintiff's

claims are preempted by the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7101, et seq.  (Def.

Br. at 5.)  Because Defendant removed this action to this Court, Defendant bears the burden of

establishing federal jurisdiction.  See Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir.

1995).  Any doubts regarding the propriety of removal jurisdiction should be resolved against the

conferral of federal jurisdiction.  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).

Ordinarily, the Court finds federal jurisdiction only where it arises on the face of the plaintiff's

"well-pleaded complaint."  Wright v. Prudential Ins. Co. of Am., 285 F. Supp. 2d 515, 522

(D.N.J. 2003) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 293 (1987)).  Complete

preemption is one exception to the "well-pleaded complaint rule" in that it often creates removal

jurisdiction by looking beyond the complaint to see if a federal question is raised by the

allegations in the complaint.  See Mersmann v. Cont'l Airlines, 335 F. Supp. 2d 544, 548 (D.N.J.

2004).  In the Third Circuit, a plaintiff's state law claims are completely preempted when (1) "the

statute relied upon by the defendant [for removal] contains civil enforcement provisions within

the scope of which plaintiff's state claim falls" and (2) "there exists a clear indication of a

congressional intention to permit removal despite plaintiff's exclusive reliance on state law."  Id.

(quoting Ry. Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co., 858 F.2d 936, 942 (3d

Cir. 1988)) (internal quotations omitted).

Using this rubric, the Court must determine whether the CSRA completely preempts Plaintiff's alleged state law claims.

**B.    Preemption**

Defendant argues that the CSRA contains civil enforcement provisions within which Plaintiff's claims fall.  Plaintiff does not dispute the application of the CSRA, but rather asserts that "Defendant has removed the matter to Federal Court only to ask that it be dismissed, never addressing [his] right to challenge the wrongful disciplinary action . . . ."  (Decl. of Brad Whiting ("Whiting Decl."), ¶ 8.)  In fact, Plaintiff concedes that "this case may be pre-empted [sic] by Federal law . . . ," but argues that "state law also applies."  (Compl., ¶ 11.)  The Court find that the CSRA is Plaintiff's sole avenue for redress for the Army's alleged conduct.

Congress enacted the CSRA in 1978 and "'comprehensively overhauled the civil service system,' creating an elaborate 'new framework for evaluating adverse personnel actions against federal employees.'" United States v. Fausto, 484 U.S. 439, 443 (1998) (quoting Lindahl v. OPM, 470 U.S. 768, 773-74 (1985)).  The Supreme Court concluded that the "CSRA establishes a comprehensive system for reviewing personnel action taken against federal employees." Id. at 455.  Indeed, the CSRA is "an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures – administrative and judicial – by which improper action may be redressed." Bush v. Lucas, 462 U.S. 367, 385 (1983).  In reviewing the scope of the CSRA, this Court is mindful that

> [w]hen Congress has acted to create a comprehensive statutory scheme to address a particular class of claims, the courts will not act to create additional judicial remedies, even where a particular litigant does not have a remedy available under the statutory scheme.  This is particularly true in federal employment relationships, where Congress has provided a comprehensive civil service scheme to address disputes.

Pipkin v. United States Postal Serv., 951 F.2d 272, 275 (10th Cir. 1991).  On such reasoning, it is

evident that Congress created the CSRA with the intent to offer an exclusive remedy for

grievances arising out of the employment context.

   Since its inception, Courts of Appeals – including the Court of Appeals for the Third

Circuit – have agreed, holding that the CSRA remains federal employees' only mechanism for

redress of employment-related grievances.  See, e.g., Mangano v. U.S., 529 F.3d 1243, 1246 (9th

Cir. 2008) (stating that if the "challenged conduct falls within the scope of the CSRA's

prohibited personnel procedures, then the CSRA's administrative procedures are the employees

only remedy" (internal quotations and brackets omitted)); Crawford v. U.S. Dep't of Homeland

Sec., 245 Fed. Appx. 369, 374 (5th Cir. 2007) ("[W]e have held that the CSRA provides the

exclusive remedy for claims against federal employers, thereby precluding other causes of

action"); Fornaro v. James, 416 F.3d 63, 67 (D.C. Cir. 2005) ("Our cases have . . . recognized, in

a variety of contexts, the exclusivity of the remedial and review provisions of the CSRA" where

federal employment practice is at issue); Sarullo v. United States Postal Serv., 352 F.3d 789, 795

(3d Cir. 2003) (holding that the court lacked subject matter jurisdiction over plaintiff federal

employee's claims because the "case ar[ose] out of the employment context and . . . the CSRA

therefore provides the full scheme of remedies available to [plaintiff]"); Petrini v. Howard, 918

F.2d 1482, 1485 (10th Cir. 1990) ("It is beyond dispute that the CSRA was intended to provide

the exclusive procedure for challenging federal personnel decisions"); Montplaisir v. Leighton,

875 F.2d 1, 2-3 (1st Cir. 1989) (holding that the CRSA "establish[es] the sole mechanism for

resolving labor conflicts in the federal arena"); Broughton v. Courtney, 861 F.2d 639, 643 (11th

Cir. 1988) ("Here, Congress intended the CSRA to provide an exclusive procedure for

challenging federal personnel decisions"). Such authority has lead courts to hold that federal employees cannot seek relief for employment-related grievances via a <u>Bivens</u> cause of action. <u>See</u> <u>Bush</u>, 462 U.S. at 385 (finding that federal employees do not have a <u>Bivens</u> remedy against their employer for prohibited personnel conduct); <u>Richards v. Kiernan</u>, 461 F.3d 880, 884 (7th Cir. 2006); <u>Sarullo</u>, 352 F.3d at 797.

The Supreme Court most recently addressed the CSRA in <u>Whitman v. Dep't of Transp.</u>, 547 U.S. 512 (2006). In <u>Whitman</u>, the district court dismissed Whitman's, an FAA employee, claims for lack of subject matter jurisdiction as preempted by the CSRA; the Ninth Circuit affirmed and Whitman petitioned for certiorari. In its opinion, the Court re-phrased petitioner's question, stating that it was not whether the CSRA <u>grants</u> jurisdiction to the federal courts, but rather, "whether 5 U.S.C. § 7121 (or the CSRA as a whole) <u>removes</u> jurisdiction given to the federal courts." <u>Id.</u> at 514 (emphasis added). However, the Court refrained from answering said question on the basis that the initial question a court must address when confronted with the question of CSRA preemption is "where [plaintiff's] claims fit within the statutory scheme [of the CSRA], as [it] provides different treatment for grievances depending on the nature of the claim." <u>Id.</u> As a threshold matter, then, this Court must consider whether Whiting's claims are covered by the CSRA.

Here, Plaintiff premises his claims on the Army's alleged failure to comply with its obligations under the CBA and on the fact that said failure constitutes a breach of the Army's obligation of good faith and fair dealing. (Compl., ¶¶ 10, 13, 16.) Such action falls within the purview of the CSRA. Title VII of the CSRA provides for collective bargaining–and its concomitant procedures. <u>See</u> 5 U.S.C. §§ 7116(d), 7121. Moreover, "[t]he [CSRA] created the

[Federal Labor Relations Authority] and vested it with responsibility for, inter alia, supervising the collective bargaining process, promulgating administrative rules for federal labor relations, and adjudicating disputes over such matters as negotiability, bargaining units, arbitration, and representation elections." Montplaisir, 875 F.2d at 2. Thus, under Title VII, the Army's alleged behavior here constitutes an "unfair labor practice," to be adjudicated by the FLRA. See 5 U.S.C. §§ 7116(a)(8), 7122.

Notwithstanding Plaintiff's assertion that state law applies to his claims, the gravamen of the Complaint states a claim for breach of the CBA and breach of the covenant of good faith and fair dealing under the CBA. Thus, the claims here are preempted by the CSRA, see, e.g., Karahalios, 489 U.S. at 532 (holding that the CSRA governed plaintiff's claims for breach of duty of fair representation and plaintiff could not pursue a private right of action); Montplaisir, 875 F.2d at 2-4 (finding plaintiffs' claims for legal malpractice against union attorneys preempted by the CSRA); Hendersen v. United States Air Force, No. 06-323, 2007 WL 2081481, at *5 (D. Ariz. July 20, 2007) (accepting and adopting the Magistrate Judge's Report and Recommendation in which the court granted defendant's 12(b)(1) motion to dismiss because "the claims at issue in this motion arise solely from allegations of violations of the CBA, and thus, fall squarely under the Congressional preclusion established by the CSRA"); Celli v. Shoell, 995 F. Supp. 1337, 1343 (D. Utah 1998) (finding plaintiff's claims preempted by the CSRA because "[i]n the instant case, plaintiffs' breach of contract claim arises out of an alleged breach of the [CBA]. The fact that plaintiffs' characterize this claim as breach of contract rather than as an unfair labor practice cannot serve to confer jurisdiction on this court"), and the Court grants Defendant's motion to dismiss the Complaint with prejudice, see U.S. v. PA. Shipbuilding Co.,

473 F.3d 506, 516-17 (3d Cir. 2007) ("[D]ismissals based on subject matter jurisdiction or preemption should be understood as being on the merits"); <u>Finnerty v. United States Post Serv.</u>, No. 03-558, 2007 WL 54345, at *9-10 (D.N.J. Jan. 9, 2006) (dismissing plaintiff's amended complaint with prejudice for lack of subject matter jurisdiction as preempted by the CSRA).

## IV. <u>Conclusion</u>

For the aforementioned reasons, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction with prejudice, and the case is dismissed. An appropriate Order accompanies this Opinion.


Date:   August 26, 2008                              /s/ Jose L. Linares
                                                     United States District Judge